IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| E.M. Rocky Laur, )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　 )<br>　　vs. 　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>Experian, Inc., 　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　Defendant. )<br>　　　　　　　　　　　　　　　　 ) | Civil Action No. 6:14-1771-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　　This matter is before the court on the defendant's motion to dismiss for lack of prosecution (doc. 51). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

　　　　　On May 1, 2014, the plaintiff filed his complaint alleging the defendant violated the Fair Credit Reporting Act by failing to remove allegedly fraudulent accounts on his credit report. On October 6, 2014, the defendant filed its answer (doc. 29). On March 5, 2015, the defendant filed a motion for status conference (doc. 42). In the motion, the defendant stated that it had removed the disputed credit account from the plaintiff's credit report and notified the plaintiff, and the plaintiff responded that he would drop the lawsuit (*id.* at 1-2). After several attempts to contact the plaintiff to resolve the matter, the defendant filed the motion to hold a status conference before the discovery deadline to determine whether the plaintiff intended to continue with the case. On March 30, 2015, the telephonic status conference was held before the undersigned. The plaintiff did not appear. On March 30, 2015, the defendant filed a motion to dismiss for lack of prosecution (doc. 51). By order of this court filed on March 31, 2015, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.

1975), the plaintiff was advised of the motion to dismiss and summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff did not file a response.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed. Meanwhile, the defendant is left to wonder when the action against it will be resolved. The plaintiff has not responded to the defendant's motion to dismiss or the court's order requiring him to respond and failed to participate in the status conference, which was held to determine whether the plaintiff intended to continue with his case. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that the defendant's motion to dismiss for lack of prosecution (doc. 51) be granted.

s/ Kevin F. McDonald
United States Magistrate Judge

May 8, 2015
Greenville, South Carolina